## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **FRANCISCO REGALADO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4267-L** |
| | § | |
| **TECHTRONIC INDUSTRIES NORTH** | § | |
| **AMERICA, INC.; ONE WORLD** | § | |
| **TECHNOLOGIES, INC.; and RYOBI** | § | |
| **TECHNOLOGIES, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Techtronic Industries North America, Inc.; One World Technologies, Inc.; and Ryobi Technologies, Inc. removed this action to federal court on October 23, 2013, contending that jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. After reviewing the pleadings in this case, the court determines that Defendants have not met their burden and shown that the amount-in-controversy requirement has been met. Accordingly, the court *sua sponte* **remands** this action to the 134th Judicial District Court, Dallas County, Texas.

## I. Background

Francisco Regalado ("Regalado" or "Plaintiff") filed this action in the 134th Judicial District Court, Dallas County, Texas, against Defendants on September 24, 2013. He asserted claims of negligence, strict product liability, and breach of implied warranty against Defendants. On April 6, 2013, Plaintiff was using a Ryobi table saw when his hand made contact with the

rotating blade of the saw and suffered severe and permanent injuries to his hand. *See* Pl.'s Original Pet. 3 ¶¶ 9, 10.

With respect to all three claims asserted by Plaintiff he contends that Defendants' actions caused him to "sustain serious and permanent injuries as well as past and future medical expenses, past and future physical impairment, past and future physical disfigurement, past and future mental anguish, past and future loss of enjoyment of life, [and] past and future lost earning capacity." Pl.'s Original Pet. 7 ¶¶ 31, 35; 8 ¶ 38.

## II.    Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. See *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even

at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.").

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery

will not exceed the jurisdictional threshold.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III.   Discussion

From what the court can ascertain from the face of the pleadings and Notice of Removal, complete diversity exists between the parties.  Accordingly, the court turns its attention to the amount-in-controversy requirement.

Plaintiff alleges three claims and seeks damages for his alleged injuries.  Nothing in Plaintiff's Original Petition ("Petition") sets forth a specific dollar figure as to the amount in controversy.  Defendants conclusorily state that "Plaintiff seeks an amount in damages that exceeds $75,000, exclusive of interest and costs, in this action."  Pl.'s Original Pet. 2 ¶ 3(e).  No factual basis or context is provided for the conclusory statement.

The question that the court must decide is whether the total claim for damages "is more likely than not" to exceed $75,000.  *Allen,* 63 F.3d at 1336.  The court cannot say that the claims for damages are likely to exceed $75,000.  While Plaintiff alleges a number of injuries and seeks damages for these alleged injuries, he has included nothing more than boilerplate language

typically found in a plaintiff's pleading for these types of claims.  Nothing in the Petition describes the extent of Plaintiff's alleged injuries.  All the court can glean is that he allegedly suffered "severe and permanent injuries to his hand."  The term "severe" without any specific explanation is relative and does not aid the court in assessing the amount in controversy or in making reasonable inferences as to the amount in controversy.  Nothing in the Petition states the amount of medical expenses that Plaintiff had incurred at the time his suit was filed; nothing indicates that he has undergone any surgery for his alleged injuries or set forth the amount of medical expenses; nothing sets forth Plaintiff's salary or hourly wages, the amount of time he had been off work, or the amount of wages he had lost at the time of filing his lawsuit; and nothing has been presented to the court to serve as a point of reference or starting point for it to even make a reasonable inference that the threshold amount has been exceeded.

For example, if the pleadings indicated the amount of medicals that Plaintiff had incurred at the time of his suit, this would be a starting point from which the court could make some reasonable inferences about damages.  Likewise, if the Petition had stated that Plaintiff had undergone surgery or will require future surgery, the court could make some reasonable inferences and common-sense conclusions, but, as previously stated, this type of information is lacking.  It is quite possible that the amount in controversy far exceeds $75,000, but given the paucity of any specific allegations regarding the amount of damages that Plaintiff seeks, Defendants have not shown that Plaintiff seeks an amount greater than $75,000.

The jurisdictional threshold may not be met by the use of fancy, descriptive buzzwords, or boilerplate language, when there are no underlying allegations to support the amount in controversy, or when the record provides no specific insight as to the amount of damages Plaintiff seeks.  If this were the standard, virtually every case in which diversity existed would be

removable to federal court.  At this juncture, a finding that the jurisdictional amount has been

met would be sheer speculation and require the court to wade into a briar patch of guesswork.

What Defendants put before the court by way of conclusory statements and improper inferences

is simply too slender of a reed to establish that the amount in controversy exceeds $75,000.

## IV.     Conclusion

For the reasons herein stated, Defendants have failed to meet their burden and establish

that the amount in controversy exceeds $75,000.  Accordingly, the court **lacks** subject matter

jurisdiction to hear this action and **remands** it to the 134th Judicial District Court, Dallas

County, Texas.  The clerk of the court shall effect the remand in accordance with the usual

procedure.

**It is so ordered** this 31st day of October, 2013.


Sam A. Lindsay
United States District Judge