IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO REGALADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4267-L |
| | § | |
| TECHTRONIC INDUSTRIES | § | |
| NORTH AMERICA, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc. (together, "Defendants") filed a Motion to Quash Subpoena and for Protective Order requesting that the Court quash the subpoena of David Peot and enter a protective order barring the taking of Mr. Peot's deposition in this matter. *See* Dkt. No. 22. United States District Judge Sam A. Lindsay referred this motion to the undersigned magistrate judge for determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 23. Plaintiff Francisco Regalado filed a response [Dkt. No. 25], and Defendants filed a reply [Dkt. No. 28]. Defendants' Motion to Quash Subpoena and for Protective Order [Dkt. No. 22] is DENIED.

## Background

On September 24, 2013, Plaintiff Francisco Regalado filed his Original Petition in the 134th Judicial District Court of Dallas County, Texas. *See* Dkt. No. 5. Plaintiff alleges that he suffered finger and hand injuries on April 6, 2013 while operating

Defendants' Ryobi table saw during the course of his employment, and Plaintiff asserts claims for negligence, strict product liability, and breach of implied warranty. On October 23, 2013, the case was removed to this Court on the basis of diversity of citizenship. *See* Dkt. No. 1.

On or about April 5, 2014, Plaintiff served a subpoena on Mr. Peot, a 72-year-old former chief engineer for Defendants who resides in Easley, South Carolina. The subpoena directed Mr. Peot to appear at a law firm in nearby Greenville, South Carolina for a videotaped and transcribed deposition to occur on April 28, 2014. *See* Dkt. No. 22-1 at 2-4. Mr. Peot was the Director of Advanced Technology for a subsidiary of Defendant One World Technologies, has personal knowledge about the development of Defendants' table saws and their efforts to develop technology to prevent table saw accidents, and has previously testified as a fact and expert witness on behalf of Defendants in table saw cases around the country.

Defendants now seek to quash the subpoena and request a protective order barring the taking of Mr. Peot's deposition in this action. They contend that Plaintiff's attorneys have previously associated with another law firm, the Sullivan Firm, in order to prosecute table saw cases around the country. The Sullivan Firm and its attorneys do not represent Plaintiff in this lawsuit. According to Defendants, Richard Sullivan of the Sullivan Firm is a party to an informal discovery agreement with Defendants that prohibits multiple depositions of the same witnesses on issues that were the subject of prior depositions. Defendants urge that Mr. Peot has provided videotaped depositions on at least three prior occasions – November 6, 2008; March 5, 2009; and

September 30, 2010 – and has testified at two trials regarding the topics at issue in the instant lawsuit. *See* Dkt. No. 22-2 at 2-4. Defendants contend that Plaintiff may, in this action, use this prior testimony.

Defendants therefore request that the deposition of Mr. Peot be quashed pursuant to the informal discovery agreement reached in prior table saw cases because permitting the deposition would unleash the undue burden and expense of "countless depositions of the same witness on the same issues" that would "effectively destroy the parties' discovery agreement and cause a wave of deposition notices and subpoenas on both sides in scores of similar cases around the country." Dkt. No. 22 at 4 & 7.

## Legal Standards

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The

trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## Analysis

The Court determines that Defendants have failed to establish through a particular and specific demonstration of fact that the deposition of David Peot would constitute an undue burden or expense or otherwise requires a protective order under Rule 26(c).

Initially, Defendants do not contend, and certainly do not establish, that the testimony of Mr. Peot is not "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Defendants acknowledge that Mr. Peot has previously been a fact and expert witness in similar products liability cases and has testified about:

> OWT's introduction to flesh-detection technology and the "SawStop" version of it; how OWT initially analyzed the "SawStop" invention; how OWT developed concerns about the economic and technical feasibility of "SawStop" technology; how the company became part of two joint ventures with other companies in the industry to explore alternative forms of blade guarding and alternative flesh-detection technologies; how the prevailing design standards were changed in the mid-2000s to provide for riving knives and modular guarding; and other general topics.

Dkt. No. 22 at 5. For purposes of this resolving this motion, the Court considers Mr. Peot's testimony to be relevant and therefore discoverable under the Rule 26(b)(1).

Rather, Defendants urge that the "extensive collaboration" between Plaintiff's counsel in this case and the Sullivan Firm in prior, similar table saw litigation should subject Plaintiff to the informal discovery agreement entered into by Sullivan. *See*

-4-

*id.* at 8. Defendants state that any information that Mr. Peot may have that is relevant to Plaintiff's lawsuit has already been "covered extensively in his previous videotaped depositions, which the Plaintiff can use in this case as part of his case in chief under the discovery agreement." *Id.* at 9.

But Defendants have presented no evidence that Plaintiff's counsel – not to mention the Plaintiff himself – is a party to any such discovery agreement, even if counsel for Plaintiff in this case – in which Mr. Sullivan is not counsel – is co-counsel with Mr. Sullivan in other cases on behalf of other clients. The informal agreement cited by Defendants – which apparently has not been reduced to writing – was entered into by Defendants and other litigants in prior table saw lawsuits. When Defendants repeatedly refer to "the parties' discovery agreement" in their motion, they are simply not referring to the parties in this litigation. In fact, the agreement appears to have been made years before Plaintiff's April 6, 2013 injury and apparently before counsel for Plaintiff here was first involved in any table saw litigation. Defendants have failed to establish that Plaintiff or his counsel is bound in this case by the informal discovery agreement that they seek to enforce.

And, contrary to Defendants' counsel's assertion at oral argument, the fact that the Stipulated Protective Order allows for disclosure of documents designated as confidential in this case to be used in "pretrial preparations and proceedings, trial, and any appellate proceedings in any other action in which counsel for Plaintiffs herein is also counsel for the plaintiff or plaintiffs and in which the conveying party has been named as a defendant" does not change that. Dkt. No. 17 at 5. A prospective discovery-

sharing agreement made a part of an order in this case does not, in and of itself, incorporate in this case a separate and different prospective discovery-sharing agreement made by another attorney in another case.

On the record before the Court, Defendants have not established that the deposition of Mr. Peot would constitute an "undue burden or expense" under Rule 26(c). Mr. Peot has not been deposed in connection with this lawsuit and has not previously been deposed by Plaintiff's counsel. According to Defendants, Mr. Peot has been deposed on only approximately three prior occasions, most recently in September 2010, and has testified at two trials, most recently in 2012.

And the subpoena at issue here directs Mr. Peot to appear for a deposition in Greenville, South Carolina, apparently no more than 20 miles from his home. The deposition location that Plaintiff proposes here is certainly closer to Mr. Peot's home than the locations of trials in Duluth, Minnesota and Chicago, Illinois, at which counsel acknowledged Mr. Peot is expected to testify later this year.

In any event, beyond noting that Mr. Peot is 72 years old and hard of hearing, Defendants have presented no affidavits or other evidence detailing or substantiating the nature of any alleged undue burden on Mr. Peot from sitting for a deposition here. Plaintiff's counsel, for his part, offered to take the deposition over two days, subject to Federal Rule of Civil Procedure 30's 7-hour limit, if it would assist Mr. Peot.

Although Defendants fear that permitting a deposition in this matter will unleash a torrent of depositions around the country, that is not the situation facing the

Court today. Under the circumstances presented and the record here, Rule 26(c) does not require granting of a protective order based on the mere prospect of future undue burden and expense that has yet to materialize in any matter.

Good cause does not exist to prohibit the gathering of relevant discovery through Mr. Peot's deposition in this matter. Contrary to Defendants' counsel's suggestion at oral argument, the Court finds no evidence before it that Plaintiff's counsel intends to try to have it both ways – that is, to resist application here of the informal discovery agreement entered into by Mr. Sullivan in order to gain tactical advantage and then rely on that agreement when it benefits Regalado.

The Court finds that Defendants have failed to show good cause and a specific need for protection or that justice requires the protection of Mr. Peot from any annoyance, embarrassment, oppression, or undue burden or expense represented by the subpoena served on him on April 5, 2014.

## Conclusion

The Court DENIES Defendants' Motion to Quash Subpoena and For Protective Order [Dkt. No. 22].

SO ORDERED.

DATED: July 16, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE